UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD LOUIS HALL,

      Plaintiff,

Case No. 15-12971

Honorable John Corbett O'Meara

v.

CITY OF DETROIT, *et. al.,*

      Defendants.
      _____/

**ORDER GRANTING**
**CITY OF DETROIT'S OCTOBER 14, 2015 MOTION TO DISMISS**

      This matter came before the court on defendant City of Detroit's October 14, 2015 motion to dismiss. Plaintiff Richard Louis Hall filed a late, *pro se* response November 16, 2015. No reply was filed, and no oral argument was heard.

      Plaintiff Hall filed an excessive use of force claim against defendant City of Detroit and three unidentified police officers. Although Plaintiff listed the City of Detroit as a defendant, the complaint fails to state a claim against it. Rather, plaintiff Hall describes one continuing incident involving the officers for which he seeks damages.

      Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual allegations contained in a complaint must be sufficient "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Mere "labels and conclusions" will not suffice. Id. at 555.

      A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). *Pro se* status, however,

does not exempt a plaintiff from the requirement that he comply with relevant rules of procedural and substantive law.  Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991).  Although the standard of review is liberal, it does require more than a bare assertion of legal conclusions.  Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir. 1996).

It is well-settled that there can be no *respondeat superior* municipal liability under 42 U.S.C.§ 1983.  The United States Supreme Court has made it clear that § 1983 "plainly imposes liability on a government that, under color of some official policy, causes an employee to violate another's constitutional rights."  Monell v. Dept. of Social Servs. of the City of New York, 436 U.S. 658, 692 (1978).  In this case plaintiff Hall's complaint fails to allege that any official policy or custom was the moving force behind any constitutional deprivations he has allegedly suffered.

In his response brief plaintiff Hall recites the following conclusions:

> [The] City of Detroit has a reputation for being assaultive in past and currently;
>
> The details/description of this incident of the harm inflicted by 3 officers in plain clothes shows me that these officers had a history of assault;
>
> When [the officers are] identified in a physical or photo line-up[, it] will show that adequate scrutiny of an applicant[']s background would have led a reasonable policy maker to conclude that the plainly obvious consequence of the decision to hire would be the deprivation of a third party's federally protected right;
>
> And that adequate screening would have shown that these officers were highly likely to inflict the particular injury suffered by Plaintiff . . . .

Plaintiff's resp. br. at 3-4.

These legal conclusions, however, are insufficient to withstand defendant City of Detroit's motion to dismiss.

## ORDER

Therefore, it is hereby **ORDERED** that defendant City of Detroit's October 14, 2015 motion to dismiss is **GRANTED.**

s/John Corbett O'Meara<br>
United States District Judge

Date: December 9, 2015

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 9, 2015, using the ECF system and/or ordinary mail.

s/William Barkholz<br>
Case Manager